[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The following orders were entered in court on August 2, 1999.
Regarding Defendant's Objection to Plaintiffs' Request for Production of Documents at Deposition and Motion for Protective CT Page 10676 Order (#124 and #124.10) filed on July 15, 1999: The Objections to Requests for Production No. 1 and No. 2 are not being pursued; the defendant has provided the information requested. As to the Objections to Requests for Production No. 3 and No. 4, the plaintiffs shall set forth with particularity the information requested and the nexus between the request and the plaintiffs' claims within 10 days from the date of this order. On or before September 2, 1999, the defendant shall produce the requested information under seal to the court for an in camera review. Within one week following the filing of plaintiffs' revised request, the defendant may file an objection to the scope of the plaintiffs' revised request. In the event that such an objection is filed, a hearing will be immediately scheduled. Thereafter, the court will review the information provided in camera and will make a determination as to what, if anything, shall be disclosed.
The Motion to Cite In Rockville General Hospital (#142) into Docket Number 65055 was granted upon its filing on June 30, 1999 as agreed by counsel and indicated in the Pretrial Order dated June 18, 1999. The defendant shall answer the Substitute Amended Complaint dated June 24, 1999 in Docket Number 65055 within seven days of this order. Thereafter, the plaintiffs shall withdraw Docket Number 66240.
Regarding Defendant's Objections to Interrogatories and Requests for Production Dated April 13, 1998: The original pleading, drafted and signed by prior counsel for the defendant, was never filed in court. Nevertheless, there is no claim that the plaintiff was not aware of the pleading. Accordingly, the copy provided to the court on August 2, 1999 has been filed in the court file.
The following Requests were withdrawn by plaintiffs' counsel on the record: F.3 and G.11.
The following objections are hereby ordered sustained: A.12, A.13, B.3a, B.3d, B.5.
The following objections are hereby ordered overruled without limitation: B.3e, E.7.
The following objections are hereby ordered sustained, unless the defendant Hospital intends to take the position that some act/omission on any person's part or any pre-existing condition was a contributing factor of the child's presentment at birth. In CT Page 10677 the event that the defendant Hospital intends to adopt such position, it must be disclosed via expert disclosure/testimony or such evidence will be precluded at trial: B.4, B.6, B.7, B.8, B.11, B.12, E.1, E.2.
Regarding the objections to C.1, C.2, C.3, G.7 and G.8: The court orders that any evidence of claim letters, lawsuits filed or investigations/inquiries by state or federal agencies from January 1, 1990 up to and including December 7, 1995 against the Hospital be disclosed to the court under seal within 30 days of this order for an in camera review. Disclosure pursuant to G.8 is further limited to only those cases, if any, in which Dr. Williams was a co-defendant.
Regarding the objection to C.4 and C.5: The court orders that the information requested be disclosed for the fiscal year 1989-1990 through the fiscal year 1995-1996.
Regarding the objections to C.6, C.7, C.8, F.2, G.13 and G.14:. Such information will be included in the materials to be provided under seal to the court as ordered herein.
Regarding the objections to D.2 and D.3: The court orders the disclosure of the names of persons interviewed and the names of the persons who gave statements prior to the date upon which the defendant Hospital retained outside counsel in this matter.
Regarding the objections to E.4, E.5, E.6, and G.5: To the extent this information is not included in the previously disclosed medical records, any additional information responsive to the request which was obtained prior to the retention of outside counsel shall be disclosed, In the event that the defendant Hospital sent outside of the hospital any of the requested samples and/or information prior to the retention of outside counsel, the defendant shall identify the location of such samples and/or information. In the event that, prior to the retention of outside counsel, the defendant received test results on any of the information and/or samples sent outside the hospital, such test results shall be disclosed.
The objections to F.5 and F.6 are hereby ordered sustained without prejudice to the plaintiffs' further development of this area of inquiry and subsequent renewal of the request.
Regarding the objections to F.9, F.10, F.11 and G.15: Any CT Page 10678 written complaints which relate to the delivery of a child and the doctor's performance of such function shall be disclosed under seal to the court for in camera review. Disclosure pursuant to F. 11 shall be limited to current policy, procedures and the persons/departments currently responsible for maintaining such records.
Regarding the objection to G.4: Any documents produced by the defendant Hospital, prior to the retention of outside counsel, regarding the decedent child's care which is not included in the previously disclosed medical records shall be disclosed.
 It is so ordered.
BY THE COURT:
Bishop, J.